UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARCOS MODIANO and PREPANGO LLC, | Case No.: 21-cv-00040-DMS-MDD |
|---|---|
| Plaintiffs, | **ORDER DENYING MOTION TO REMAND** |
| v. | |
| BMW OF NORTH AMERICA LLC; DOES 1 to 10, | |
| Defendants. | |

Pending before the Court is Plaintiffs Marcos Modiano ("Modiano") and Prepango, LLC's ("Prepango") motion to remand this action to the Superior Court of California. Defendant BMW of North America, LLC ("BMW") filed an opposition, and Plaintiffs filed a reply. For the reasons set forth below, the Court denies the motion.

## I.

## BACKGROUND

This action arises from Plaintiffs' lease of an allegedly defective 2019 BMW vehicle. On December 7, 2020, Plaintiffs filed a Complaint against Defendant BMW in the Superior Court of California, County of San Diego, alleging claims for violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.*, and violation of

California Business and Professions Code § 17200. On January 8, 2021, BMW removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, BMW contends complete diversity exists between the parties because Plaintiffs are citizens of California and BMW is a citizen of Delaware and New Jersey, and the amount in controversy exceeds $75,000. On February 5, 2021, Plaintiffs filed the present motion to remand the action to state court for lack of subject matter jurisdiction.

## II.
## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the district court could have original jurisdiction over the matter. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, . . . the district court must remand if it lacks jurisdiction."). "The burden of establishing federal jurisdiction is on the party seeking removal[.]" *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that "any doubt as to the right of removal" is resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court on the basis of diversity jurisdiction if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Where removal is based on diversity, there must be "complete diversity" between the parties and the amount in controversy requirement of $75,000 must be met. 28 U.S.C. § 1332(a). The party asserting diversity jurisdiction bears the burden of proof. *Emrich v.*

*Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

## III.

## DISCUSSION

Plaintiffs challenge Defendant's removal, arguing the Court lacks subject matter jurisdiction in this matter because diversity jurisdiction does not exist. Specifically, Plaintiff contends Defendant has not met either its burden of proving complete diversity exists between the parties or its burden of proving the amount in controversy exceeds $75,000.

**A. Diversity**

Plaintiffs contend BMW has not met its burden to show complete diversity of citizenship between the parties, arguing BMW has failed to establish Plaintiffs' citizenship.

For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In support of its opposition to Plaintiffs' motion to remand, BMW submits the declaration of Robert K. Dixon ("Dixon Declaration") as evidence of the parties' citizenship. (ECF No. 14-1.) Plaintiffs object to several assertions therein and to three exhibits: a lease agreement between Prepango and BMW dated April 20, 2019 (the "Lease Agreement"), Prepango's Statement of Information filed with the California Secretary of State filed January 27, 2020 (the "Statement of Information"), and Prepango's application for registration with the California Secretary of State, filed January 7, 2010 (the "Application for Registration"). (*See* Exs. 1, 2, 4 to Dixon Decl.) Plaintiffs argue this evidence is unauthenticated, lacks foundation, and is inadmissible hearsay. (Pls.' Reply, ECF No. 15 at 3–4; Pls.' Objections to Evidence, ECF No. 15-1, at 1–2.)

Plaintiffs' objections are overruled. Dixon declares under penalty of perjury that he has personal knowledge of the facts contained in his declaration and that the attached exhibits are true and correct copies. (Dixon Decl. ¶ 1.) The Lease Agreement is a contract, signed by both parties, and is therefore not hearsay. *See United States v. Pang*, 362 F.3d

1187, 1192 (9th Cir. 2004) (evidence of legally operative verbal conduct is not hearsay). With respect to the California Secretary of State records, Dixon states he obtained copies of the Statement of Information and the Application for Registration from the Secretary of State's website on January 6, 2021.  (Dixon Decl. ¶ 2.)   These records were filed on the Secretary of State's website and are readily available there.  "[B]ecause the record is generated by an official government website[,] its accuracy is not reasonably in dispute." *Bleakley v. Birdcage Shopping Ctr.*, No. CIV210332WBSEFB, 2010 WL 11700698, at *2 (E.D. Cal. Apr. 13, 2010) (finding record from California Secretary of State website admissible as evidence of citizenship in deciding motion to remand).  These documents are of the type that the Court may judicially notice under Federal Rule of Evidence 201(b). Even if these documents were hearsay, the Court will consider them here because their contents could be submitted in an admissible form at trial.  *See JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) (stating that, at summary judgment, "a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial").

     The Court finds BMW has met its burden to establish complete diversity of citizenship.  The evidence shows both Modiano and Prepango are citizens of California. For purposes of diversity jurisdiction, a limited liability corporation "is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Prepango's Statement of Information lists Marcos Modiano as the sole manager or member and provides a Chula Vista, California address for Modiano.  (Ex. 1 to Dixon Decl.)  The Lease Agreement between Prepango and BMW also lists a California address for Modiano.  (Ex. 4 to Dixon Decl.) Modiano is listed as Prepango's agent for service of process on Prepango's Application for Registration, which form states: "If the agent is an individual, the agent must reside in California."  (Ex. 2 to Dixon Decl.)  There is no evidence that Prepango has any other members besides Modiano or that any member resides outside of California.  Nor do Plaintiffs submit evidence that Modiano is a citizen of any other state.

BMW's evidence indicates both Plaintiff Modiano and Plaintiff Prepango are citizens of California, and Plaintiffs submit no evidence to the contrary. BMW further avers it is a citizen of Delaware and New Jersey.[1] (Dixon Decl. ¶ 3.) BMW has therefore met its burden to show Plaintiffs and BMW are citizens of different states. *See Kalasho v. BMW of N. Am., LLC*, No. 20-CV-1423-CAB-AHG, 2020 WL 5652275, at *2 (S.D. Cal. Sept. 23, 2020) (finding diversity jurisdiction satisfied where unrebutted evidence demonstrated plaintiffs resided in California, because "a person's residence is prima facie evidence of domicile and citizenship") (citing *Lee v. BMW of N. Am., LLC*, No. SACV1901722JVSADSX, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019)). Accordingly, complete diversity exists between the parties, satisfying this element of diversity jurisdiction.

**B. Amount in Controversy**

Next, Plaintiffs argue BMW has not met its burden to show the amount in controversy exceeds $75,000.

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017).

---

[1] Although Plaintiffs object generally to the citizenship assertions in paragraph 3 of the Dixon Declaration, they do not object to Exhibit 3 to the Dixon Declaration, a record which indicates BMW's sole corporate member is organized under Delaware law with its principal place of business in New Jersey. (Ex. 3 to Dixon Decl.; *see* Pls.' Objections to Evidence.). Nor do they raise a dispute to BMW's citizenship in their motion. (*See* Mem. of P. & A. in Supp. of Pls.' Mot. to Remand, ECF No. 11, at 11–12.)

Plaintiffs' Complaint alleges damages of "not less than $25,000.00." (Compl., ECF No. 1-4, ¶ 9.) The Song-Beverly Act permits a plaintiff to recover a civil penalty of up to two times the amount of damages if the defendant's failure to comply with the Act was willful. Cal. Civ. Code § 1794(e). Plaintiffs allege "willful" failure to comply with the Song-Beverly Act. (Compl. ¶¶ 10, 17.) Accordingly, Plaintiffs seek relief including actual damages, "a civil penalty in the amount of two times Plaintiff[s'] actual damages," costs and attorneys' fees. (Compl., Prayer for Relief.)

Plaintiffs argue that civil penalties should not be included in the amount in controversy calculation. Some courts in this District have imposed a higher standard for defendants seeking to include civil penalties in the amount in controversy. *See, e.g.*, *Millan v. FCA US LLC*, No. 20CV328 JM (MDD), 2020 WL 3604132, at *2 (S.D. Cal. July 2, 2020) ("Courts in this district have found that bare allegations that civil penalties are available in Song-Beverly Act cases are insufficient to establish the requisite amount in controversy."); *Ronquillo v. BMW of N. Am., LLC*, No. 3:20-CV-1413-W-WVG, 2020 WL 6741317, at *3 (S.D. Cal. Nov. 17, 2020) ("Rather than simply assuming that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting such an award would be appropriate.").

However, this Court and others in this District have previously included Song-Beverly civil penalties in the amount in controversy calculation. *See, e.g.*, *Khan v. Jaguar Land Rover N. Am., LLC*, No. 18-CV-0389 DMS (WVG), 2018 WL 7286509, at *2 (S.D. Cal. Apr. 11, 2018) (including civil penalties in amount in controversy); *Luna v. BMW of N. Am., LLC*, No. 317CV02067BENKSC, 2018 WL 2328365, at *4 (S.D. Cal. May 22, 2018) (finding amount in controversy satisfied by combining actual damages with civil penalties authorized by Song-Beverly Act); *Kalasho*, 2020 WL 5652275, at *2 (S.D. Cal. Sept. 23, 2020) ("[E]ven using the minimum amount of damages alleged in the complaint, the $75,000 minimum for diversity jurisdiction is satisfied when accounting for civil penalties and the attorney's fees[.]"); *Ferrer v. FCA US LLC*, No. 17-CV-0530-AJB-BGS,

2017 WL 2875692, at *3 (S.D. Cal. July 6, 2017) (finding Song-Beverly civil penalties included in amount in controversy and stating '[c]ourts[,] as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff') (citation omitted).

The Court finds the inclusion of the maximum civil penalty in the amount in controversy is appropriate here. Plaintiffs allege willfulness giving rise to penalties under the Song-Beverly Act, and the Court accepts Plaintiffs' allegations as true and assumes Plaintiffs will prevail on each of their claims. The amount in controversy is an estimate of the total amount in dispute, rather than a prospective assessment of defendant's liability. *Arias*, 936 F.3d at 927. The Court declines to require defendants to justify civil penalties by arguing their own conduct was willful.

Plaintiffs nevertheless contend their recovery may be less than $75,000. Based on the Lease Agreement, BMW calculates Plaintiffs' actual damages to be $47,460.20, which is an "approximate estimate of statutory repurchase" taking into consideration a mileage offset of $1,629.63. (Defs.' Opp'n to Pls.' Mot. to Remand, ECF No. 14, at 12; Dixon Decl. ¶ 6.) Thus, based on BMW's estimate of Plaintiffs' actual damages, Plaintiffs may receive up to $94,920.40 in civil penalties. (Dixon Decl. ¶ 5.) Plaintiffs argue these amounts are speculative and that a jury may award a lesser amount of damages.

An assertion that the amount in controversy exceeds the jurisdictional threshold of $75,000 "is not defeated merely because it is equally possible that damages might be "less than the requisite . . . amount." *Arias*, 936 F.3d at 927. Indeed, Plaintiffs here do not declare or stipulate they are seeking less than $75,000, but rather merely argue that they may ultimately recover less than $75,000. Nor do Plaintiffs submit any evidence to rebut BMW's allegations that actual damages are approximately $47,460.20.

The Court finds the amount in controversy requirement is met. BMW's evidence indicates the amount in controversy, combining actual damages and civil penalties, is $142,380.60, well over the jurisdictional minimum. Even crediting Plaintiffs' argument that actual damages may be less than $47,460.20, the allegations in Plaintiffs' Complaint

are sufficient to satisfy the amount in controversy requirement for diversity jurisdiction. Plaintiffs seek a minimum of $25,000 in actual damages, which would lead to an additional $50,000 in civil penalties under the Song-Beverly Act, for a combined $75,000. Plaintiffs further declare an amount of pre-removal attorneys' fees "under $9,000." (Mem. of P. & A. in Supp. of Pls.' Mot. to Remand 12; Declaration of Julian D. Lopez in Supp. of Pls.' Mot. to Remand, ECF No. 11-2, ¶ 3.) Plaintiffs contend attorneys' fees should not count toward the amount in controversy, but per Ninth Circuit precedent, attorneys' fees may be included in the amount in controversy if the underlying statute authorizes such an award. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Song-Beverly Act permits a prevailing plaintiff to recover attorneys' fees. Cal. Civ Code § 1794(d). Any amount of pre-removal attorneys' fees under $9,000 here thus brings the combined total amount in controversy above the $75,000 jurisdictional minimum.[2]

Here, BMW has met its burden to show there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. The Court therefore has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Accordingly, Plaintiff's motion to remand is denied.

## IV.
## CONCLUSION AND ORDER

For the reasons set out above, Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED**.

Dated:  March 16, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[2] The Court need not address inclusion of post-removal attorneys' fees in the amount in controversy because the combination of damages, civil penalties, and pre-removal attorneys' fees sought here is sufficient to surpass the amount in controversy threshold.